JOINER, Judge,
concurring in part and dissenting in part.
I concur with the portion of this Court’s opinion that holds that Curtis Wardnell Caver is entitled to a new trial “because the State’s question [on cross-examination of Deidra White regarding why Caver had been in prison] went beyond the scope of the doctrine of curative admissibility.” 219 So. 3d at 11.1 disagree, however, with the portion of this Court’s opinion that holds that the State’s evidence was insufficient to support Caver’s conviction for first-degree possession of marijuana; thus, as to that part of the opinion, I respectfully dissent.
The State presented sufficient evidence to demonstrate that Caver constructively possessed the marijuana seized by the Mobile Police Department when it executed a search warrant at a home located on Melrose Street. Indeed, the evidence presented at trial demonstrated that Officer Julian Nettles, while conducting an investigation, learned that both Caver and his girlfriend, Deidra White, lived in a house located at a specific address on Melrose Street. Additionally, Officer Nettles testified that, when he went to that home to execute the search warrant, Caver, White, White’s mother (Shawna White), and another individual were sitting in a vehicle parked in the driveway of the house on Melrose Street. According to Officer Nettles, as he approached that vehicle he
“observed smoke coming from ... the vehicle. A hand motion went up in the air as if they were tossing. We actually found a burnt marijuana blunt between the seat, a partially burnt—burnt marijuana blunt in between the seat. It is unknown who tossed it but it appeared that the subjects that [were] ... inside the car [were] smoking marijuana when we arrived.”
(R. 98.) Officer Nettles explained that, after they detained everyone in the vehicle and three other people standing on the nearby porch, the officers went into the house to execute the search warrant. Officer Nettles testified that, “[i]n the first bedroom on the left, [he] recovered a ... medium-sized black tote bag. Inside the tote bag was eight individually wrapped clear baggies containing a green plantlike substance believed to be marijuana. Also in that same bag [he] recovered a small pink tin can” that contained “two more small baggies believed to be an analogue marijuana.” (R. 100-01.) Officer Nettles further explained that “inside the room near the tote bag” (R. 102) he found mail addressed to Caver. Additionally, Officer Nettles testified that on the television stand in that room there was a picture of Caver and White. When Officer Nettles was asked if he did “anything else to identify whose bedroom that was,” he responded:
“It was a couple of—it was one particular picture that was located in there with [Caver] and his girlfriend, [White], on the picture.
“And Ms. Shawna White stated that she think [Caver] stay up in there but she’s not for sure.”
(R. 104.) Finally, as this Court’s opinion recognizes, “Officer Nettles testified that there were no other drugs found in the house except in Caver’s room.” 219 So. 3d at 5 (emphasis added). Although the main opinion holds otherwise, this evidence was sufficient to establish a prima facie case of first-degree possession of marijuana.
Additionally, although Caver correctly points out, and this Court recognizes, that White testified that Caver did not live at the house on Melrose Street; that the tote bag and the marijuana belonged to her; and that the mail addressed to Caver were letters that she wrote to Caver when he *13 was in prison, White’s testimony served only to dispute a material fact at issue in this case—namely, whether Caver had substantial control over the area where the marijuana was found—and “disputed material facts ... arising out of testimony must be resolved by the jury.” Finch v. State, 445 So.2d 964, 966 (Ala.Crim.App.1983). White’s testimony did not render the State’s evidence insufficient to support a conviction for first-degree possession of marijuana.
Moreover, although this Court’s opinion holds that the State’s evidence was insufficient to support Caver’s conviction for first-degree possession of marijuana, in doing so, this Court overlooks one key aspect of the State’s case against Caver: The State proceeded against Caver on a theory of complicity—that is, that both Caver and White possessed the marijuana located in their bedroom. This Court has explained that “[cjases have held that where the appellant never actually had possession of the drugs during the commission of the crime, he may nonetheless be guilty of aiding and abetting as well as having constructive possession of the drugs via a co-conspirator.” Wright v. State, 494 So.2d at 937 (citing United States v. Cannington, 729 F.2d 702 (11th Cir.1984)). A defendant’s complicity in an offense is a question for the jury. Wright v. State, 494 So.2d 936, 937 (Ala.Crim.App.1986).
Because the State’s evidence was sufficient to establish a prima facie case of first-degree possession of marijuana, I dissent as to Part I of this Court’s opinion.[1]

. Additionally, I note that, although not mentioned in this Court's opinion, Caver was also indicted for one count of unlawful distribution of a controlled substance, see § 13A-12-211, Ala. Code 1975. That charge, however, was nolle prossed by the State before trial. (R. 7.) Because this Court now remands this case to the circuit court for that court to provide Caver a new trial on his charge of possession of drug paraphernalia, it is possible that the State could resurrect Caver’s unlawful-distribution-of-a-controlled-substance charge.